Butler, J.
dissenting. As I think, by the terms of the verdict, in the case of Arrants vs. Dunlap, the defendant was convicted of having rendered a false and fraudulent schedule, I dissent from the judgment of a majority of my brethren, The finding of the jury was, that the assignment by R. W. Dunlap to his brother, J. J. Dunlap, was false and fraudulent, and void; which, fairly interpreted, means that J. J. Dunlap was not a creditor, entitled to the property assigned to him; *248 but that it was the property of defendant, and should have been returned as such ; that is, the defendant had returned property as belonging to another, which belonged to himself, and had sworn to it. The statement in the schedule was not true, although it was so represented by a false oath; and it is said this is not a false schedule. I suppose the schedule would have been regarded false, if the defendant had omitted to insert any piece of property in it; or had he stated that he had a limited interest in a piece of property, when he was the absolute owner; or had he concealed the true character of property, which he represented as worthless ; as, that property was in Texas, which he had in his own possession, and which he could immediately take into his own charge and subject to his dominion and enjoyment: in such cases, I take it, the schedule would be both deceptive and false: Fraudulent concealment and false representation may render a schedule false, as well as ignorant or wilful omission. It would be not the less false because it was disguised by crafty contrivance and fraudulent combination with another. In making a fraudulent conveyance, to defraud creditors, a man may also malee thereby a false return, or schedule of his property. Not that every conveyance to defraud creditors would be false ; for one might make a voluntary conveyance, or one od grossly inadequate consideration, to defraud creditors, and yet render a true return of his property ; but when the conveyance is pre-tensive, and is intended to secure the property to the defendant himself, either directly or indirectly, it is no conveyance at all, except that it is on paper, and not verbal. Suppose it should appear, hereafter, that the property assigned by defendant had been re-delivered to him by a previous agreement, could his successful fraud exempt him from the operation of the 4th clause of the statute 1
It seems to me, the jury have said what they intended to say, that the property, represented in the schedule, as belonging to J. J. Dunlap, belonged to R. W. Dunlap himself, and *249 Should kavé been returned in his schedule, as liable to the demands of his just creditors,
Withers Sf J. M. DeSaussure for the motion; Smarts contra.
Every unfortunate debtor should have extended to him, with alacrity and promptness, the benignant provisions of the insolvent debtor’s laws ; but one who has committed a fraud supported by a false oath, should be subjected to their proscriptive justice. I do not undertake to say that the defendant was guilty of fraud and falsehood; but I do say, the jury have convicted him of them, by the terms of their verdict, when construed in reference to the subject matter submitted to them.